IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VINCENT CASSEUS,

    Petitioner,

    v.                              Case No. 25-cv-477-jdp

WARDEN EMMERICH,

    Respondent.

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

Petitioner Vincent Casseus has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. He claims he is not subject to a final order of removal under the immigration laws and therefore is being unlawfully denied application of his First Step Act (FSA) earned time credits (FTCs).

The petition should be dismissed because Casseus is subject to a final order of removal and accordingly the Bureau of Prisons cannot apply his FTCs toward prerelease custody or early transfer to supervised release.

**BACKGROUND**

Casseus was convicted in 2019 in the Southern District of Florida of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Declaration of A. Palmer, July 14, 2025, ¶ 2, Attach. A. He is currently

serving a 110-month sentence. *Id.* He has a period of five years of supervised release to follow his incarceration. *Id.* Casseus's projected release date with good time credits is April 24, 2026. *Id.* Casseus has been incarcerated at the Federal Correctional Institution in Oxford, Wisconsin since October 23, 2023. *Id.*, Attach. B.

Casseus has earned FTCs under the FSA. *Id.*, ¶ 7, Attach. E. The BOP received an Immigration Detainer – Notice of Action from the Department of Homeland Security (DHS), indicating that DHS had determined that probable cause existed that Casseus was a removable alien subject to a final order of removal. *Id.*, ¶ 8, Attach. F. The BOP also has a copy of an Order of the Immigration Judge, dated May 4, 2020, which orders Casseus removed to Haiti. *Id.*, ¶ 10, Attach. H at 1-2. Casseus's appeal of that order was rejected on June 3, 2020. *Id.* at 4-5. As a result, BOP has determined that Casseus is subject to a final order of removal and ineligible to have FTCs applied toward prerelease custody or early transfer to supervised release. *Id.*, ¶ 11.

## ARGUMENT

**I.   The BOP Cannot Apply Casseus's FTCs Toward Early Release Because He is Subject to a Final Order of Removal**

Casseus is subject to a final order of removal and therefore ineligible under the First Step Act (FSA) to have his FTCs applied toward prerelease custody or early transfer to release. As a result, his petition for habeas corpus should be denied.

The FSA permits qualified inmates who complete Evidence-Based Recidivism Reduction (EBRR) programs and activities to earn FSA time credits (FTCs) for earlier transfer to prerelease custody or supervised release. 18 U.S.C. §§ 3632(d)(4)(A) and (C).

However, the statute specifically prohibits applying FTCs for an inmate who is subject to a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17))."); *see also* 28 C.F.R. § 523.44(a)(2) ("For any inmate eligible to earn FSA Time Credits under this subpart who is[] [s]ubject to a final order of removal under immigration laws. . . the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release.").

Casseus is subject to a final order of removal. An immigration judge ordered him removed to Haiti on May 4, 2020. Palmer Decl., ¶ 10, Attach. H at 1-2. Casseus's appeal of that removal order was rejected on June 3, 2020. *Id.*, Attach. H at 4. As a result, the BOP cannot apply Cassesus's FTCs toward rerelease custody or early transfer to supervised release. *See* 18 U.S.C. § 3632(d)(4)(E)(i).

To the extent Casseus seeks judicial review of that removal order, this Court has no jurisdiction to provide that relief. The "sole and exclusive" means for judicial review of removal orders, other than an expedited removal order not at issue here, is through petition for review in the appropriate court of appeals. *See* 8 U.S.C. § 1252(b)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection

3

(e)."); *see also id.*, § (e) (providing for limited review in habeas proceedings only of expedited removal orders issued under 8 U.S.C. § 1225(b)(1)).

## CONCLUSION

For these reasons, the petition for writ of habeas corpus should be dismissed.

Dated July 14, 2025.

                                        Respectfully submitted,

                                        CHADWICK M. ELGERSMA
                                        Acting United States Attorney

                                        By:

                                          *s/ Barbara L. Oswald*
                                        BARBARA L. OSWALD
                                        Assistant United States Attorney
                                        222 West Washington Ave., Suite 700
                                        Madison, Wisconsin 53703
                                        (608) 264-5158
                                        barbara.oswald@usdoj.gov

Of Counsel

Zachary Huffman
Senior Attorney Advisor
Department of Justice Bureau of Prisons