IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT CASSEUS,

                        Petitioner,

  v.                                                      OPINION and ORDER

E. EMMERICH,                                              25-cv-477-jdp

                        Respondent.

---

Petitioner Vincent Casseus, proceeding without counsel, seeks emergency relief under 28 U.S.C. § 2241. Dkt. 1. Casseus contends that he's entitled to earned-time credit under the First Step Act (FSA) that, if applied, would result in immediate release.

Respondent argues that the FSA prohibits the Bureau of Prisons from applying Casseus's earned-time credit to his sentence because he's subject to a final order of removal. Dkt. 8. Respondent's evidence shows that Casseus is the subject of a final order of removal, so I will deny the petition.

BACKGROUND

Casseus is a native of Haiti. Casseus is serving a 110-month sentence based on a 2019 conviction in the Southern District of Florida for possession with intent to distribute 500 grams or more of cocaine. *United States v. Casseus*, 18-cr-20470 (S.D. Fla), Dkt. 73. Casseus is incarcerated at FCI-Oxford and has a release date of April 24, 2026.

On May 4, 2020, while serving his sentence at Moshannon Valley Correctional Institution in Pennsylvania, Casseus appeared before an immigration judge in the York Immigration Court. Dkt. 9-8 at 2. The immigration judge found Casseus removable under two

provisions of 8 U.S.C. § 1182(a)(2) and ordered him removed to Haiti. *Id.* at 2–3. On June 3, 2020, the Board of Immigration Appeals (BIA) rejected Casseus's appeal for lack of proof of service on the opposing party and for a returned check. *Id.* at 5. The BIA's letter rejecting the appeal stated that the rejection didn't extend the 30-day time limit for an appeal, and that Casseus must file any corrected appeal within 15 days of that notice. *Id.*

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Casseus is the subject of the order of removal issued on May 4, 2020. Casseus tried to appeal that order, but the BIA rejected his appeal. Casseus acknowledges that he didn't file any corrected appeal, much less one within the 15-day deadline. Thus, the May 4 order of removal is final. *See* 8 C.F.R. § 1241.1(b) ("An order of removal . . . shall become final . . . [u]pon expiration of the time allotted for an appeal . . . ."); *see also Andrade-Duran v. Garland*, No. 20-527, 2022 WL 2525634, at *2 (2d Cir. July 7, 2022); *Garcia v. I.N.S.*, 2 F. App'x 693, 694 (8th Cir. 2001).

Casseus says that the order of removal isn't final because he never received the BIA's letter rejecting his appeal. Dkt. 11 at 2–3. This court lacks jurisdiction to hear this argument. With limited exceptions inapplicable here, only the court of appeals has jurisdiction to hear a challenge to the validity of a final order of removal. *See* 8 U.S.C. § 1252(a)(5).

Casseus contends that the order of removal is invalid for other reasons. *Id.* at 3–6. For instance, Casseus contends that he's eligible for asylum because his relative was killed in Haiti for political reasons. *Id.* at 3. But, again, the court of appeals has exclusive jurisdiction to hear a challenge to the validity of a final order of removal. *Cf. Kavaja v. Emmerich*, No. 24-cv-620-wmc, 2025 WL 472876, at *2 (W.D. Wis. Jan. 14, 2025), *aff'd*, No. 25-1204, 2025 WL 1983889 (7th Cir. July 17, 2025) ("Therefore, unless and until petitioner prevails in proceedings before the immigration courts or a court of appeals, his [final order of removal] remains valid.").

Casseus also contends that the final order of removal is invalid because the government failed to follow procedures governing expedited orders of removal when obtaining it. *See* Dkt. 11 at 5–6. This contention fails because the May 4 order of removal was not issued pursuant to 8 U.S.C. § 1225(b)(1), which governs the issuance of expedited orders of removal.

The evidence shows that Casseus is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will deny the petition.

ORDER

IT IS ORDERED that:

1. Petitioner Vincent Casseus's emergency petition, Dkt. 1, is DENIED.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 21, 2025.

                                        BY THE COURT:

                                        /s/
                                        _____
                                        JAMES D. PETERSON
                                        District Judge